ORIGINAL

**United States District Court**
**Eastern District of New York**

CV                                    2266

------------------------------------------------

Asher Klein,
      Plaintiff,                    **COMPLAINT**

  -against-

City of New York, New York City Department of Education,
      Defendant,

State of New York, University of the State of New York,
New York State Education Department,              **MAUSKOPF, J.**
      Defendant,

------------------------------------------------

                                                                     **BLOOM, M.J.**

**I    PARTIES:**

1. Plaintiff, Asher Klein, resides at 2120 79th Street, Brooklyn, N.Y. 11214.

2. Defendant, City of New York, New York City Department of Education is a municipal agency located at 52 Chambers Street, New York, N.Y. 10007.

3. Defendant, State of New York, University of the State of New York, New York State Education Department is a state governmental agency, located at 89 Washington Avenue, Albany, N.Y. 12234.

**II    JURISDICTION**

1. The jurisdiction of this court is invoked pursuant to Title 20 USC section 1412; 34 CFR 104; 34 CFR 300.

2. The venue of this court is invoked pursuant to Title 28 USC section 1391.



RECEIVED MAY 28 2009 PRO SE OFFICE

### III    STATEMENT OF CLAIM

1. The named defendants consorted and acted with malice and intent to violate New York State special education statutes, resulting in denying the parent of a disabled child reimbursement for the cost of private school placement as portends to regulations governing the Individuals with Disabilities Education Act of 2004 (IDEA) (34 CFR 300).

2. Defendants actions rise to levels of discrimination of a disabled child, protected under IDEA and section 504 of The Rehabilitation ACT of 1973 (34 CFR 104).

3. Plaintiff, as parent of said child, asserts claims as aggrieved party under Winkelman v. Parma City School District (Supreme Court, 05-983, 2007): "Because parents enjoy rights under IDEA, they are entitled to prosecute IDEA claims on their own behalf"; hence, parent incurring damages due to violations of IDEA is akin to discrimination of a disabled child and is likewise a victim of such discrimination.

4. Aaron Klein, currently six years old, is an autistic child who attended a publicly funded New York City Department of Education (NYCDOE) pre-school special education class for July - August 2006.

5. Plaintiff, Aaron Klein's father, removed the child from the publicly funded program and subsequently enrolled him in a private, non-publicly funded special education program for the school year 2006-2007.

6. Plaintiff claimed that NYCDOE did not offer a free appropriate public education for the disabled child and sought reimbursement from NYCDOE for full education costs pursuant to Title 20 USC 1412 (a)(10)(c)(ii)): "If the parents of a

child with a disability, who previously received special education and related services under the authority of a public agency, enroll the child in a private elementary or secondary school without the consent of or referral by the public agency, a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner prior to that enrollment."

7. Plaintiff sought reimbursement for full private school tuition from NYCDOE and requested an impartial hearing to resolve the matter.

8. An impartial hearing was commenced over a period of five sessions in the City of New York, County of Kings, Impartial Hearing Office, 131 Livingston Street Brooklyn NY 11201.

9. In a decision dated December 12, 2008, the Impartial Hearing Officer (IHO) found that Plaintiff was not entitled to reimbursement.

10. Plaintiff filed a "Notice of Intention to Seek Review" of this decision to The New York State Education Department (NYSED) Office of State Review (OSR) pursuant to 8 NYCRR 200.5(k)(1): "Appeal to a State review officer of the State Education Department. (1) Any party aggrieved by the findings of fact and the decisions of an impartial hearing officer rendered in accordance with subdivision (i) of this section may appeal to a State review officer of the State Education Department."

11. In a decision dated March 13, 2009, Paul Kelly, State Review Officer (SRO) upheld the decision of the IHO.

12. It was during the above mentioned appeals process, defendants NYSED and NYCDOE willfully and maliciously violated New York State special education statutes in denying tuition reimbursement, resulting in the denial of the disabled child a free and appropriate education.

13. Specifically, defendants violated the New York State code 8 NYCRR 279.5 regarding the extension of time defendants are entitled to file an answer to a petition: "The respondent shall, within 10 days after the date of service of a copy of the petition, answer the same, either by concurring in a statement of facts with petitioner or by service of an answer, with any written argument, memorandum of law, and additional documentary evidence. Such answer or agreed statement of facts, together with proof of service of a copy of such documents upon the petitioner, shall be filed with the Office of State Review of the State Education Department, within two days after such service. No filing by facsimile or electronic transmission shall be permitted."

14. NYCDOE received the Appeal from Plaintiff on Jan 13, 2009 (Exhibit A); subsequently, the date which NYCDOE then had to answer the appeal was January 23, 2009.

15. On Jan 16, 2009, Cynthia DiVirgillio, Appeals Coordinator of the OSR for the State of New York, requests in writing of Vida M. Alvy, Esq., Managing Attorney, Special Education Appeals Unit, Office of Legal Services, NYCDOE: "Please request an extension of time to submit the record to this office by January 30, 2009. This request may be faxed to our office but a hard copy of the letter should also be mailed." (Exhibit B).

16. The legality of such a letter is entirely problematic as New York State code specifically speaks to extension requests by those who need to answer or reply; OSR, the office which grants extensions based upon such applications, has no legal basis to commence any action (8 NYCCRR 279.10): "No extension of time to answer the petition for review, interpose a cross-appeal, or to reply to an answer will be granted by the State Review Officer unless timely application is made therefor, upon written notice to all parties. Such application shall be in writing, addressed to the Office of State Review, must be postmarked not later than the date on which the time to answer or reply will expire, shall set forth in full the reasons for the request, and shall briefly state whether the other party consents to or opposes the application for extension. The time to respond to a pleading may not be extended solely by stipulation of the parties or their counsel".

17. At best, OSR, having no legal basis to make requests of NYCDOE to request an extension of time to file an answer, violated ethics laws as OSR, the State agency charged with ruling on a petition and granting time extensions, actively assisted NYCDOE in preparing an answer or requesting an extension to a petition, such petition having been properly filed upon and received by NYCDOE; it is incumbent upon NYCDOE to act on this petition and for OSR to rule upon such petition or extension application.

18. At worst, this proves a such a close, cozy relationship and singular mindset of defendants in conspiring, by any means necessary, to sabotage plaintiff petition and subsequently deny the child rights under IDEA; it is quite conceivable, and a matter which must be explored by the Court, that defendants had other, informal contact either by phone, email, or in person to discuss the petition and the

application or to even devise other plans in effort to deny plaintiff due process and full tuition reimbursement.

19. Plaintiff further asserts that he received a phone call from Tracy Siligmeuller, of Counsel, NYCDOE, on the evening of January 20 (Exhibits C), asking plaintiff to request an extension of time to file an answer to the petition; plaintiff replied on the phone that he would not agree to make such a request.

20. Plaintiff, by mail, in a letter to OSR, dated January 21, 2009, received by OSR on January 23, 2009 (Exhibit D), strenuously objected to OSR granting any extension of time to file an answer to the petition.

21. In a facsimile dated January 21 (Exhibit E), NYCDOE requested of OSR, a two week extension of time to answer the Petition, a copy of which was forwarded by OSR to plaintiff, who received it on January 23.

22. In a facsimile sent to NYCDOE dated January 21, Cynthia DiVirgillio granted such extension request, a written copy of which was sent to plaintiff, who received it on January 23 (Exhibit F).

23. In essence, the OSR granted an extension of time to answer based on a facsimile that it received, which makes a mockery of 8 NYCCR 279.10, as stated above "No extension of time…shall be granted by the State Review Officer unless…upon written notice to all parties. Such application shall be in writing…must be postmarked not later than the date….", clearly conferring such granting powers solely based upon an application delivered by means of U.S. Postal Service and not by facsimile.

24. Hence, SRO granted an extension of time on January 21, 2009 based upon an improper document; whether or not plaintiff subsequently received a properly

filed written application and whether or not OSR subsequently received a properly filed written application (still unknown), is inconsequential and wholly negligible; OSR had already granted the extension prior to receiving such proper written application.

25. The same standards that New York State law requires Plaintiff to adhere to in filing the petition, such as filing a petition within specified dates (8 NYCCR 279.2), petition containing specific wording (8 NYCCR 279.3), verification (8 NYCCR 279.7), proper service (8 NYCCR 279.4), and a host of other miniscule details of New York State codes, so must the NYCDOE and OSR adhere to all New York State codes to answer or request an extension of such petition.

26. Plaintiff asserts that OSR is obligated to conduct a fair and impartial review of IHO decisions; it is clear that NYCDOE and OSR collaborated to abuse State laws and statues in denying relief to a special needs child under Title 20 U.S.C 1412.

27. Plaintiff asserts that NYCDOE created an untenable situation and made it impossible for plaintiff to justly seek remedies for the education of the disabled child in subsequent years as well; the child is currently languishing in an inappropriate New York City Public School special education program, his rights under IDEA having been trampled upon.

## IV   REMEDIES

Wherefore, plaintiff demands:

1. OSR decision to grant an extension of time to file an answer improperly relied upon disqualifying documents and must therefore be set aside.

2. NYCDOE answer to petition was therefore filed inappropriately after the time to file such answer had lapsed and must therefore be set aside.

3. SRO decision of Paul Kelly, which relied wholly or partially upon said answer to petition, must be reversed; NYCDOE must make full tuition reimbursement to plaintiff.

4. Permanent injunction against OSR from commencing any action during the appeals process.

5. Permanent injunction against NYCDOE from applying for an extension by use of facsimile.

6. Permanent injunction against OSR from granting decisions based upon any improperly received documents.

7. Permanent injunction barring NYCDOE and OSR from having any informal contact regarding an appeal during the appeals process.

8. Money damages in the amount of $1,027,000 for the discrimination of a disabled child and abuse of Federal and State statutes protecting such children and their parents.

9. Any further relief which the court may deem appropriate.

DATE: May 28, 2009

*[signature]*

Asher Klein, Pro Se,

718-256-8636

Form A                                                          EXHIBIT A

IN THE MATTER OF THE APPEAL OF Asher Klein
On behalf of Aaron Klein,
                Petitioners,

                                                    NOTICE OF INTENTION
                                                      TO SEEK REVIEW

       -against-

The New York City Department of Education,
                Respondent,

NOTICE:

The undersigned intends to seek review of the determination of the hearing officer concerning the identification, evaluation, program or placement of Aaron Klein. Upon receipt of this notice you are required to have prepared a written transcript of the proceedings before the hearing officer in this matter. A copy of the transcript, of each exhibit submitted at the hearing, and of the decision of the hearing officer must be filed by the Board of Education with the Office of State Review of the New York State Education Department, 80 Wolf Road, Suite 203, Albany, NY 12205-2643 within 10 days after service of this notice.

Dated:  1/12/2009

                                                                 Asher Kl[ein]
                                                                  Parent

[handwritten sideways: Dmitriy Aronov, Service Window clerk, (212) 788-0365 / 5930-858-0365]

THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK



OFFICE OF STATE REVIEW
Paul F. Kelly
Assistant Counsel & State Review Officer
80 Wolf Road, Suite 203
Albany, New York 12205-2643
Tel. 518-485-9373
Fax 518-485-9377

**EXHIBIT B**

## VIA FACSIMILE AND REGULAR MAIL

January 16, 2009

Vida M. Alvy, Esq., Managing Attorney
Special Education Appeals Unit
Office of Legal Services
New York City Department of Education
131 Livingston Street, Suite 405
Brooklyn, NY  11201

RE: **Klein v. NYC DOE**
**Appeal No. 09-009**

Dear Ms. Alvy:

On January 16, 2009, this office received a Notice of Intention to Seek Review, Notice with Petition, Verified Petition, Affidavit of Verification and Affidavit of Service showing personal service on January 13, 2009 for the above-entitled appeal.

Please request an extension of time to submit the record to this office by January 30, 2009. This request may be faxed to our office but a hard copy of the letter should also be mailed.

Sincerely,

Cynthia DiVirgilio
Cynthia DiVirgilio
Appeals Coordinator

cc: Asher Klein, <u>Pro Se</u> Petitioner (Via U.S. Mail only) ✓
 Stacey Reeves, Chief Administrator-NYC Impartial Hearing Office

**EXHIBIT C**

| | | | | | |
|---|---|---|---|---|---|
| Invoice Number | Account Number | Date Due | Page | | |
| 1976012461 | 882662563-00001 | 03/14/09 | 4 of 8 | | |

## Detail for Asher Klein: 917-912-2923
## Voice

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/20 | 6:30A | | Peak | M2MAllow | Brooklyn NY | Incoming CL | 1 | -- | | -- |
| 1/20 | 7:41A | | Peak | PlanAllow | Brooklyn NY | New York NY | 3 | -- | -- | -- |
| 1/20 | 3:01P | | Peak | PlanAllow,CallVM | Brooklyn NY | Voice Mail CL | 1 | -- | -- | -- |
| 1/20 | 3:24P | | Peak | PlanAllow | Brooklyn NY | Nwyrcyzn12 NY | 5 | -- | -- | -- |
| 1/20 | 5:09P | | Peak | PlanAllow | Brooklyn NY | Toll-Free CL | 2 | -- | -- | -- |
| 1/20 | 5:11P | 212-325-2000 | Peak | PlanAllow | Brooklyn NY | New York NY | 2 | -- | -- | -- |
| 1/20 | 5:49P | 718-935-4874 | Peak | PlanAllow | Brooklyn NY | Incoming CL | 2 | -- | -- | -- |
| 1/20 | 6:01P | | Peak | PlanAllow | Brooklyn NY | | | -- | -- | -- |
| 1/20 | 7:12P | | Peak | PlanAllow | Brooklyn NY | New York NY | 1 | -- | -- | -- |
| 1/20 | 7:18P | | Peak | PlanAllow | Brooklyn NY | Nwyrcyzn12 NY | 2 | -- | -- | -- |
| 1/20 | 7:25P | | Peak | PlanAllow | Brooklyn NY | Incoming CL | 6 | -- | -- | -- |
| 1/20 | 7:31P | | Peak | M2MAllow | Brooklyn NY | Nwyrcyzn04 NY | 5 | -- | -- | -- |
| 1/20 | 7:57P | | Peak | PlanAllow | Brooklyn NY | Hicksville NY | 2 | -- | -- | -- |
| 1/21 | 6:33A | | Peak | M2MAllow | Brooklyn NY | Nwyrcyzn04 NY | 1 | -- | -- | -- |
| 1/21 | 6:33A | | Peak | PlanAllow | Brooklyn NY | 311 CL | 1 | -- | -- | -- |
| 1/21 | 5:28P | | Peak | PlanAllow | Brooklyn NY | Toll-Free CL | 2 | -- | -- | -- |
| 1/21 | 6:25P | | Peak | PlanAllow | Brooklyn NY | Nwyrcyzn12 NY | 5 | -- | -- | -- |
| 1/21 | 6:43P | | Peak | PlanAllow | Brooklyn NY | Nwyrcyzn12 NY | 2 | -- | -- | -- |
| 1/21 | 7:55P | | Peak | PlanAllow | Hollis NY | Nwyrcyzn12 NY | 1 | -- | -- | -- |
| 1/22 | 5:55A | | Off-Peak | PromoAllow | Brooklyn NY | New York NY | 1 | -- | -- | -- |
| 1/22 | 11:40A | | Peak | PlanAllow | New York NY | Incoming CL | 1 | -- | -- | -- |
| 1/22 | 5:16P | | Peak | PlanAllow | Brooklyn NY | Toll-Free CL | 1 | -- | -- | -- |
| 1/22 | 7:07P | | Peak | M2MAllow | New York NY | Incoming CL | 5 | -- | -- | -- |
| 1/22 | 8:20P | | Peak | PlanAllow | New York NY | Brooklyn NY | 3 | -- | -- | -- |
| 1/23 | 5:57A | | Off-Peak | PromoAllow | Brooklyn NY | New York NY | 1 | -- | -- | -- |
| 1/23 | 6:03A | | Peak | PlanAllow,CallVM | Brooklyn NY | Voice Mail CL | 1 | -- | -- | -- |
| 1/23 | 2:51P | | Peak | PlanAllow | Brooklyn NY | Nwyrcyzn10 NY | 1 | -- | -- | -- |
| 1/23 | 2:52P | | Peak | M2MAllow | Brooklyn NY | Nwyrcyzn04 NY | 2 | -- | -- | -- |
| 1/24 | 11:27P | | Off-Peak | PromoAllow,CallVM | Brooklyn NY | Voice Mail CL | 1 | -- | -- | -- |
| 1/25 | 8:37A | | Off-Peak | PromoAllow | Brooklyn NY | Brooklyn NY | 2 | -- | -- | -- |
| 1/25 | 8:52A | | Off-Peak | PromoAllow | Brooklyn NY | Brooklyn NY | 2 | -- | -- | -- |
| 1/25 | 9:20A | | Off-Peak | PromoAllow | Brooklyn NY | Incoming CL | 4 | -- | -- | -- |
| 1/25 | 11:54A | | Off-Peak | PromoAllow | Brooklyn NY | Incoming CL | 7 | -- | -- | -- |
| 1/25 | 7:57P | | Off-Peak | PromoAllow | Brooklyn NY | Nwyrcyzn06 NY | 1 | -- | -- | -- |
| 1/25 | 8:24P | | Off-Peak | PromoAllow | Brooklyn NY | Nwyrcyzn12 NY | 1 | -- | -- | -- |
| 1/25 | 8:33P | | Off-Peak | PromoAllow | Brooklyn NY | Incoming CL | 12 | -- | -- | -- |
| 1/26 | 6:00A | | Peak | PlanAllow | Brooklyn NY | New York NY | 1 | -- | -- | -- |
| 1/26 | 11:19A | | Peak | PlanAllow | New York NY | Incoming CL | 1 | -- | -- | -- |
| 1/26 | 11:24A | | Peak | PlanAllow | New York NY | Incoming CL | 2 | -- | -- | -- |
| 1/26 | 3:19P | | Peak | PlanAllow | New York NY | Incoming CL | 1 | -- | -- | -- |
| 1/26 | 7:04P | | Peak | PlanAllow | Brooklyn NY | Nwyrcyzn10 NY | 1 | -- | -- | -- |
| 1/26 | 7:32P | | Peak | PlanAllow | Brooklyn NY | Incoming CL | 1 | -- | -- | -- |
| 1/27 | 6:08A | | Peak | PlanAllow | Brooklyn NY | New York NY | 1 | -- | -- | -- |
| 1/27 | 6:40P | | Peak | PlanAllow | Brooklyn NY | Toll-Free CL | 2 | -- | -- | -- |

EXHIBIT D

IN THE MATTER OF THE APPEAL OF Asher Klein
On behalf of Aaron Klein,
          Petitioners,

-against-

The New York City Department of Education,
          Respondent,

**RECEIVED**
JAN 2 3 2009
OFFICE OF
STATE REVIEW

NOTICE:

Regarding the above matter, it has come to my attention that New York City Department of Education (NYCDOE) will be asking for an extension of time in which NYCDOE must serve an Answer to the Petition. Current New York State law provides that such an Answer to the Petition must be served within 10 days after receiving the petition, which in the above matter, will be January 23, 2009. I strenuously object to granting any extension of time limits to NYCDOE in this matter. Certainly I have followed procedures and would not be granted any time extensions or explanations should my appeal not been filed in the proper matter. This 10 day period is a rule of New York State law and I wish that NYCDOE abides by this rule. If within this 10 day period NYCDOE is unable to serve an Answer to the Petition, or is unable to provide the SRO with proper documents such as the decision of the impartial hearing officer, a bound copy of the written transcripts before the impartial hearing officer, electronic transcripts, or a copy of the original exhibits accepted into evidence at the hearing, then I ask that the impartial hearing officer decision be immediately vacated and reversed, and that the SRO rule in favor of the Petioner.

Dated: 1/21/2009

*[signature]*
Parent
2120 79th Street
Brooklyn, NY 11214



**Department of Education**

EXHIBIT E

Joel I. Klein
Chancellor

January 21, 2009

Michael Best
General Counsel

Mr. Paul Kelly, Esq.
Office of State Review
80 Wolf Road, Suite 203
Albany, NY 12205

131 Livingston Street
Room 405
Brooklyn, New York 11201

718 935 4874 direct dial
718 935 5142 fax

VIA FACSIMILE AND FIRST CLASS MAIL

Re: **In re: Appeal of Asher Klein o/b/o Aaron Klein v. NYC DOE**
IHO No. 110785

Dear Mr. Kelly:

I represent the Respondent Department of Education (DOE) in the above-referenced matter. This is a request for a two-week extension of time to answer the Petition from January 23, 2009 to February 6, 2009. This is the first request for an extension of time in this matter.

I am requesting more time in order to familiarize myself with the case and to prepare an answer. Given the number of matters to which I am assigned and which are proceeding at this time, an additional two weeks is requested.

By this appeal, Petitioner is seeking reversal an IHO decision denying Petitioner's request for payment for the parent's unilateral placement at the Reach for the Stars program for the 2006-07 school year. Petitioner does not consent to the extension of time. There is no prejudice to the Petitioner's child as the school year at issue has ended.

Thank you for your consideration of this matter.

Respectfully submitted,

Tracy Siligmueller, Esq.
Special Education Appeals Unit
NYC DOE
718 935 4874

cc: Asher Klein



THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK

OFFICE OF STATE REVIEW
Paul F. Kelly
Assistant Counsel & State Review Officer
80 Wolf Road, Suite 203
Albany, New York 12205-2643
Tel. 518-485-9373
Fax 518-485-9377

EXHIBIT F

## VIA FACSIMILE AND REGULAR MAIL

January 21, 2009

Tracy Siligmueller, Esq.
New York City Department of Education
OLS - Special Education Appeals Unit
335 Adams Street, 28th Floor
Brooklyn, NY 11201

RE: **Klein v. NYC DOE**
Appeal No. 09-009, IHO Case No. 110785

Dear Ms. Siligmueller:

On behalf of the State Review Officer, this is to advise you that in accordance with your request dated January 21, 2009, the time for service of the verified answer in the above-entitled appeal is extended from January 23, 2009 to February 6, 2009.

Please note that the verified answer and proof of service thereof is to be filed with the Office of State Review, 80 Wolf Road, Suite 203, Albany, New York 12205-2643, no later than two days after service.

Sincerely,

Cynthia DiVirgilio

Cynthia DiVirgilio
Appeals Coordinator

cc: Asher Klein, *Pro Se* (Via U.S. Mail only)